■ TOWN OF LAKE GEORGE, Respondent, v RUDOLPH DE-HAAN et al., Individually and as Trustees of the Dehaan Trust, Appellants, et al., Defendants. [596 NYS2d 512] —Weiss, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered September 27, 1991 in Warren County, which, inter alia, granted plaintiff's motion for a preliminary injunction.

In 1973 defendants William Lennon and Katherine Lennon received subdivision approval from plaintiff for development of a project to be known as Colonial Ridge Estates in the Town of Lake George, Warren County. The approval included a road named Olde Coach Road which ended in a cul-de-sac. The deed of the roadbed tendered to plaintiff by the Lennons also included a small parcel (hereinafter parcel II) not shown on the subdivision plan, which presumably, if approved, would permit continuation of Olde Coach Road some 30 feet beyond the cul-de-sac to an adjoining parcel. Two sections of the road have been completed and accepted by plaintiff. The remaining 200 feet and the cul-de-sac remain incomplete.

This dispute originated when the Lennons, in agreement with the other defendants, commenced construction of the remainder of Olde Coach Road and a new road (Heritage Drive) across the adjoining 10-acre parcel, stretching approximately 600 feet from property belonging to the Dehaan Trust in the adjoining Town of Bolton to Olde Coach Road, intersecting at the cul-de-sac. The construction was not a continuation of Olde Coach Road and did not involve parcel II. The new road was to provide access to a new subdivision on the Dehaan Trust property and had been commenced without any permits or approvals from plaintiff. Plaintiff commenced this action

against the trustees of the Dehaan Trust (hereinafter collectively referred to as defendants) and the Lennons seeking a permanent injunction prohibiting the construction and maintenance of the roadways without proper permits. Defendants appeal from the order which granted plaintiff's motion for a preliminary injunction.

Defendants first contend that the Justice assigned to the case erred in failing to recuse himself after receipt of a letter from defendants' attorney advising the court that Louis Tessier, Supervisor of plaintiff, was employed as a court attendant and has an interest in the outcome of the case. In addition, the letter inquired whether the court "might feel more comfortable if another judge were to hear the case". The letter was not sent until after full submission of the motion for a preliminary injunction, however, and was neither a formal motion nor a request for recusal. Contrary to the argument in defendants' brief, the record reveals no personal or close professional relationship between the Justice and Tessier, who was not shown to have a personal stake in the matter. The record fails to suggest that the Justice abused his discretion in refusing to recuse himself on his own initiative (see, *Incorporated Vil. of Babylon v Anthony's Water Cafe,* 137 AD2d 792, 795, *appeal dismissed* 72 NY2d 951, *lv denied* 73 NY2d 703; *see also, People v Smith,* 63 NY2d 41, 68, *cert denied* 469 US 1227).

Defendants next contend that it was error to have granted a preliminary injunction in light of their proof that the proposed roadbed was actually an abandoned public highway used as a driveway to access the adjoining 10-acre parcel and, through said parcel, the Dehaan Trust property. Regardless of defendants' characterization of the abandoned roadbed prior to their construction activities, it was at best a limited use driveway to undeveloped property. Clearly, the project commenced by defendants which has been enjoined was road construction. Plaintiff established that defendants had acted without a land use and development permit or an approved modification of the existing subdivision. Inasmuch as these circumstances reflect a violation of plaintiff's zoning ordinance, a preliminary injunction was warranted (see, *City of New York v Bilynn Realty Corp.,* 118 AD2d 511; *see also, Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 745).

Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.

■ Patrick Higgins, Individually and as Administrator of