■ In the Matter of GLENS FALLS NEWSPAPERS, INC., Doing Business as POST-STAR, Respondent, v SOLID WASTE AND RECYCLING COMMITTEE OF THE WARREN COUNTY BOARD OF SUPERVISORS et al., Appellants. [601 NYS2d 29] —Casey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 24, 1992 in Warren County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, declare that the closure of a certain meeting of respondent Solid Waste and Recycling Committee of the Warren County Board of Supervisors violated the Open Meetings Law.

At issue on this appeal is whether respondents violated the Open Meetings Law (Public Officers Law art 7) when they conducted an executive session to discuss a proposal to utilize a neighboring county's landfill. Citing the exception contained in Public Officers Law § 105 (1) (h), respondents took the position that the topic to be considered at the executive session involved the proposed lease of real property. Before a public meeting may be closed pursuant to the exception relied upon by respondents, however, "it must first be shown that

publicity would substantially affect the value of the property" *(Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees,* 66 AD2d 51, 54). Although respondents claim that publicity would have affected the value of the real property discussed at the meeting, there is no evidence in the record to support such a claim, which is pure speculation. We conclude, therefore, that Supreme Court correctly declared that closure of the meeting at issue violated the Open Meetings Law. The judgment should be modified, however, to convert the CPLR article 78 proceeding into a declaratory judgment action *(see, Matter of Plattsburgh Publ. Co., Div of Ottaway Newspapers v City of Plattsburgh,* 185 AD2d 518).

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by adding thereto a provision which converts petitioner's proceeding pursuant to CPLR article 78 into a declaratory judgment action, and, as so modified, affirmed.