■ Town of Lake George, Respondent, v Rudolph DeHaan et al., Appellants, et al., Defendants. [621 NYS2d 189] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Dier, J.), entered September 11, 1993 in Warren County, which, *inter alia,* granted plaintiff's motion for summary judgment.

In 1973 defendants William J. Lennon ·and Katherine E. Lennon received approval from plaintiff for development of a 25-lot subdivision, to be known as Colonial Ridge Estates, situated on County Road No. 35 in the Town of Lake George, Warren County. The filed subdivision map depicts a proposed road, known as Olde Coach Road, which affords access to a majority of the lots and terminates in a cul-de-sac near the extreme northeast corner of the subdivision property. By deed dated December 4, 1973, the Lennons conveyed to plaintiff, as parcel I, fee title to Olde Coach Road, as shown on the filed subdivision map. The deed also conveyed a 0.037-acre parcel, designated parcel II, which connects the terminus of Olde Coach Road with the north line of the subdivision, expressly "for the purpose of connecting Olde Coach Road to another presently existing public highway". Nonetheless, the deed provided for plaintiff's current acceptance of only the first 1,056 lineal feet (0.20 miles) of Olde Coach Road (the only portion completed to plaintiff's specifications at that time) and further acceptance of the remaining property "at such time as the roadway thereon is completed and built to the same standards as that portion of roadway to be accepted herein". On February 14, 1977, plaintiff accepted an additional 0.20 miles of Olde Coach Road as part of its highway system, at which time all but approximately the last 320 feet of the ·road to the end of the cul-de-sac had been dedicated and accepted by plaintiff.

In the summer of 1991, defendant John MacDonald began blasting ledge rock and constructing· a proposed extension of Olde Coach Road from its current terminus through the cul-de-sac to the north boundary of the subdivision property, over

an adjacent 10-acre parcel situated to the north, and into an 18-lot subdivision in the Town of Bolton, Warren County, owned by defendants Rudolph Dehaan, Florence Dehaan and Donna D. MacDonald, as trustees of the Dehaan Trust. Plaintiff issued a stop-work order, directed the barricade of Olde Coach Road at a point approximately 0.40 miles distant from its intersection with County Road No. 35 and commenced this action for judgment, *inter alia,* declaring that it is the owner of Olde Coach Road to its terminus in the cul-de-sac and permanently enjoining John MacDonald and the trustees of the Dehaan Trust (hereinafter collectively referred to as defendants) from building, constructing, improving, maintaining or using any portion of said road not shown on the subdivision map absent appropriate municipal permits and dedication and acceptance of the land devoted to highway use. Following Supreme Court's order granting a preliminary injunction, affirmed by this Court (192 AD2d 820), plaintiff moved for summary judgment for the relief demanded in the complaint. Supreme Court granted the motion and defendants appeal.

We affirm. It is undisputed that defendants obtained no municipal permit or authorization for construction of a roadway beyond the cul-de-sac shown on the filed subdivision map, that Town of Lake George Zoning Ordinance § 10.12 (a) prohibits the expansion of an existing use absent a permit issued by the Town Zoning Officer and that article III, § 6 (B) of the Town of Lake George Subdivision Regulations prohibits any changes, modifications or revisions to a subdivision plan without resubmission to and approval of modifications by the Planning Board. It is defendants' position, however, that the inclusion of parcel II in the December 4, 1973 deed of dedication of Olde Coach Road and the existence of an historic "natural highway" over the route of the proposed roadway obviate the need for Planning Board approval and plaintiff's authorization. We are not persuaded.

First, the evidence submitted on the motion establishes that the proposed extension of Olde Coach Road beyond the cul-de-sac to the north boundary of the subdivision is not within the bounds of parcel II as described in the December 4, 1973 deed. Second, there is no evidence that plaintiff ever accepted a dedication of parcel II *(see, Matter of Hillelson v Grover,* 105 AD2d 484; 43 NY Jur 2d, Dedication, § 28, at 379). Third, because the filed subdivision map portrays no such extension of Olde Coach Road, the proposed road could not be constructed even within the bounds of parcel II absent Planning Board approval of a modification to the filed map. Fourth, in

the absence of allegations or evidence that plaintiff ever maintained, repaired or took charge of the purported "historic road", there is no basis for a finding of an existing public highway (see, Impastato v Village of Catskill, 55 AD2d 714, affd 43 NY2d 888). Defendants' remaining contentions have been considered and rejected.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order and judgment is affirmed, without costs.