■ THOMAS J. McGOVERN et al., Appellants, v FRANCIS M. TATTEN et al., Respondents. In the Matter of THOMAS J. McGOVERN et al., Appellants, v TOWN OF FULTON et al., Respondents. [623 NYS2d 370] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered July 20, 1993 in Schoharie County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 4, 1994 in Schoharie County, which denied plaintiffs' motion for renewal.

Appeals (1) from a judgment of the Supreme Court (Hughes, J.), entered December 16, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to, *inter alia,* determine the abandonment of a section of Old Route 30 in the Town of Fulton and to permanently enjoin the Town from taking any action with respect to the roadway, and (2) from an order of said court, entered March 4, 1994 in Albany County, which denied petitioners' motion for reargument.

At the heart of the two cases consolidated on appeal is the status of a portion of Old Route 30 in the Town of Fulton, Schoharie County, which crosses property owned by Thomas J. McGovern and Tiia McGovern and provides egress onto the adjoining property owned by Francis M. Tatten and Barbara Tatten. The McGoverns purchased their property on March 27, 1984 from Herman Buschhardt and Patricia Buschhardt.

The Tattens purchased their adjoining property south of the McGoverns' property on December 23, 1986 from John Leith.

The McGoverns allege in their action against the Tattens that the portion of the road in dispute has been abandoned by the Town and that the Tattens' use of the road is a trespass on the their property. The Tattens did not respond to service of process with a formal answer, but replied by letter to the McGoverns. In turn, the McGoverns moved for a default judgment. The Tattens opposed the motion and cross-moved for summary judgment contending, *inter alia,* that the McGoverns failed to prove that the portion of the road in dispute has been abandoned and, thus, it continues as a public road for which an action in trespass may not be maintained. Supreme Court found that the disputed portion of the road had not been abandoned by the Town and remains a public highway. Supreme Court denied the McGoverns' motion for renewal. The McGoverns appeal both orders.

Subsequently, the McGoverns commenced a CPLR article 78 proceeding against the Town, the Town Board and the Tattens seeking, *inter alia,* to annul the action of the Town Board in enacting a resolution to resume maintaining the portion of the road in dispute. The Town and the Tattens opposed the petition. Supreme Court held that the issue of abandonment by the Town was litigated in the prior action brought by the McGoverns against the Tattens and could not be relitigated in this proceeding. The court further held that the Town Board's decision to maintain one of its roads after the issuance of Supreme Court's order finding that the road had not been abandoned was not arbitrary and capricious conduct. A judgment was entered dismissing the McGoverns' petition and the McGoverns' motion for reargument was denied. These appeals by the McGoverns ensued.

The McGoverns, appearing *pro se* on these appeals, argue, *inter alia,* that Supreme Court erred in denying their motion to renew consideration of the Tattens' cross motion for summary judgment in the action based on, *inter alia,* new evidence consisting of the Town Board's violation of Town Law § 62 (2) by holding a special meeting on May 11, 1993 and its violation of Public Officers Law § 105 in holding two executive sessions. We disagree. The McGoverns' motion to renew was correctly denied by Supreme Court. The McGoverns failed to show new facts to support the motion and a justifiable excuse for not placing those facts before Supreme Court, which were known when the motion was pending *(see, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819; *see also,* CPLR 2221).

The McGoverns contend that Supreme Court erroneously concluded that the disputed road across their property has not been abandoned because of the court's reliance on the invalid meeting of the Town Board and, therefore, summary judgment was improperly granted to the Tattens. Supreme Court, however, did not rely on the resolution adopted at the special meeting in arriving at its decision granting summary judgment in the action. Supreme Court clearly indicated that its decision granting summary judgment in the action was based on the McGoverns' failure to prove that the road crossing their property was abandoned based on the language of a 1937 abandonment resolution, which the McGoverns originally relied upon heavily to prove abandonment. The language of the 1937 abandonment resolution clearly states that the abandonment of the Town highway began at a point south of the property of Mary Becker's land. As Becker's land and the McGoverns' land is the same property, only the Town highway that runs south thereof was abandoned and not that running across the McGoverns' land.

The Tattens' argument that Supreme Court properly granted judgment in the CPLR article 78 proceeding in their favor is persuasive. As previously indicated, the Town had not abandoned the road running across the McGoverns' property. Additionally, affidavits submitted by the Tattens, including those of Francis Tatten, John Leith and Fred Leith, provide ample evidence that the road crossing the McGoverns' property has not been abandoned by nonuse. The proof furnished by the Tattens was sufficient to meet their burden of proving a prima facie case of nonabandonment (see, Zuckerman v City of New York, 49 NY2d 557). Moreover, the McGoverns did not present opposing papers to the Tattens' cross motion for summary judgment and their proof submitted in support of their default judgment was conclusory and, thus, insufficient to raise genuine issues of fact (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068).

It must be noted that the McGoverns' argument, that the special meeting of the Town Board held on May 11, 1993 relating to inspection of the road at issue in these cases violated Town Law § 62 (2) requiring two days' notice in writing to members of the Town Board and is thus invalid, is meritorious. Only one day's notice of the special meeting was given. Accordingly, the resolution to resume maintenance of the disputed road is null and void.

The McGoverns' contention that the Town Board's executive sessions held on May 10, 1993 and June 14, 1993 were in

violation of Public Officers Law § 105 is correct insofar as said executive sessions violated the Open Meetings Law *(see,* Public Officers Law art 7) as the minutes of the meetings indicate that the executive sessions were called to discuss the status of a portion of Bielfeldt Road *(see generally, Matter of Glens Falls Newspapers v Solid Waste & Recycling Comm.,* 195 AD2d 898, 899). It is discretionary with a court, however, whether to nullify any action taken by a public body in violation of the Open Meetings Law when good cause is established *(see,* Public Officers Law § 107 [1]; *Matter of New York Univ. v Whalen,* 46 NY2d 734, 735; *Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals,* 169 AD2d 73, 76, *lv dismissed* 79 NY2d 822). The McGoverns have failed to submit proof of the existence of good cause to void any Town Board action taken at either of these executive sessions. Thus, the McGoverns' petition was properly dismissed in this proceeding on this issue.

Supreme Court properly dismissed that portion of the petition seeking a declaration that the road across the McGoverns' land had been abandoned because relitigation of this issue is barred under the doctrine of collateral estoppel. The McGoverns had a full and fair opportunity to contest the identical issue in the prior action and may not litigate it again *(see, Weiss v Manfredi,* 83 NY2d 974; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

Finally, the McGoverns' appeal from Supreme Court's order denying their motion to reargue in the proceeding is unappealable and must be dismissed *(see, Lindsay v Funtime, Inc.,* 184 AD2d 1036).

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders entered July 20, 1993 and February 4, 1994 are affirmed, without costs. Ordered that the judgment is modified, on the law, without costs, by declaring that the May 11, 1993 special meeting of respondent Town Board of the Town of Fulton and the resolution made thereat are null and void, and, as so modified, affirmed. Ordered that the appeal from order entered March 4, 1994 is dismissed, without costs.