■ JOHN SALVADOR, JR., et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [651 NYS2d 227] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered December 7, 1994 in Albany County, which, *inter alia*, granted a motion by defendants Department of Transportation and Commissioner of Transportation to dismiss the complaint against them for failure to state a cause of action, (2) from an order of said court (Dier, J.), entered June 30, 1995 in Warren County, which, *inter alia* partially granted the remaining defendants' cross motion for summary judgment dismissing the complaint, and (3) from an order of said court (Viscardi, J.), entered January 22, 1996 in Warren County, which denied plaintiffs' motion for renewal.

At issue in this case is the status of a 0.14-mile stretch of roadway known as Dunham's Bay Road, which is located along Lake George in the Town of Queensbury, Warren County. Plaintiffs are the proprietors of Dunham's Bay Lodge. Dunham's Bay Road intersects State Route 9L at two places and is used by plaintiffs and their guests and visitors, the customers and employees of Dunham's Bay Boat Company, and a nearby property owner. Plaintiffs are apparently engaged in a feud with Dunham's Bay Boat Company, which was recently granted a permit to operate a marina, and they claim on this appeal that Dunham's Bay Road is a private road that they own.

Supreme Court, *inter alia*, granted a motion to dismiss filed by defendants Department of Transportation and the Commissioner of Transportation (hereinafter collectively referred to as DOT), granted summary judgment dismissing the complaint against defendants Town Board of the Town of Queensbury, Town Supervisor, Town Highway Department and Town Highway Superintendent (hereinafter collectively referred to as the Town defendants) based upon its finding that Dunham's Bay Road was a Town road, and denied plaintiffs' motion to renew. Plaintiffs appeal.

We turn first to plaintiffs' argument that the road is not a

Town road, as we consider this issue to be dispositive. The record in this case reveals that Dunham's Bay Road was originally part of the Fort George-Brayton County Highway. Dunham's Bay Road was not incorporated into Route 9L, which was constructed in the 1930s. Plaintiffs claim that the County had originally exercised jurisdiction over this stretch of roadway but that the State had assumed jurisdiction when it constructed Route 9L and that the State never returned jurisdiction to the County and the County never ceded jurisdiction to the Town. However, even if true, this issue is irrelevant if it can be shown that Dunham's Bay Road became a Town highway by use. Highway Law § 189 provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway". The courts have consistently held that this statute requires that two separate conditions be satisfied: first, there must be a showing that the public uses the roadway and, second, there must be a showing that the municipality has kept the road in repair for the requisite period (*see*, *LaSalle Co. v Town of Hillsdale*, 199 AD2d 685, 686; *American Nassau Bldg. Sys. v Press*, 143 AD2d 789, 791, *lv denied* 73 NY2d 705; *Impastato v Village of Catskill*, 55 AD2d 714, 715, *affd* 43 NY2d 888; *Nogard v Strand*, 38 AD2d 871).

In this case, there is clear evidence in the record that Dunham's Bay Boat Company and a nearby landowner use Dunham's Bay Road, which provides access to Route 9L. There is also evidence in the record that the Town, which first included the road on its registry of roads in 1963, blacktopped the road in the 1960s and has kept it paved and in good repair since then. A photograph of the road indicates that a stop sign has been placed where the road intersects Route 9L. The Town Highway Superintendent has stated that he recalls working on the road as early as the 1950s. Consequently, we agree with Supreme Court that the Town has established that Dunham's Bay Road became a Town highway by use pursuant to Highway Law § 189. Further, there is no evidence in the record that would substantiate plaintiffs' conclusory claim that the Town has abandoned Dunham's Bay Road (*see*, *McGovern v Tatten*, 213 AD2d 778, 780). To the extent that plaintiffs challenge the Town's inclusion of Dunham's Bay Road on the Town registry of roads in 1963, this claim is clearly time barred (*see*, CPLR 217). Finally, we find plaintiffs' claims especially inappropriate in light of the express disclosure in the deed to their own property that their title was subject to the rights of the Town and the public generally to the use of Dunham's Bay Road.

In view of our conclusion that Dunham's Bay Road is a Town road, we find that the Town Highway Superintendent acted properly and within the scope of his official duties in removing gravel and construction equipment that plaintiffs had placed across Dunham's Bay Road in connection with their construction of a driveway (see, Highway Law § 140 [1]). Supreme Court has ordered the Town to make plaintiffs' construction supplies available for removal by plaintiffs, and we find this decision to be entirely correct on the facts present here. Plaintiffs' claim that their civil rights were violated by the action of the Town Highway Superintendent is therefore without merit.

Supreme Court properly dismissed the complaint against DOT. Plaintiffs have termed DOT's presence in this case a "symbolic" one. Plaintiffs do not seek any affirmative relief against DOT; rather, they seek to compel the Town to remit to the State the sum of $1,000 in partial reparation for State highway funds that were made available to the Town based upon the inclusion of Dunham's Bay Road on the Town's registry of roads. However, there is no evidence in the record, apart from plaintiffs' conclusory allegations, that any of the State funding received by the Town was in fact attributable to the inclusion of Dunham's Bay Road on the Town registry of roads. Further, although DOT exercises general supervisory authority over highways that are maintained in whole or in part through State moneys (see, Highway Law § 10 [1]), this provision, without more, simply does not give plaintiffs a private cause of action against DOT. Similarly, we agree with Supreme Court that plaintiffs lacked standing pursuant to State Finance Law § 123-b (1), as they have failed to allege that any "officer or employee of the state * * * in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditure * * * of state funds".

Upon dismissing the action against DOT, Supreme Court properly granted the Town defendants' motion to change venue to Warren County. Plaintiffs reside in Warren County and Dunham's Bay Road is located in Warren County. Further, the proper venue for an action against a town is ordinarily in the county in which such town is situated (CPLR 504 [2]). On these facts, we find that Supreme Court did not abuse its discretion in changing venue from Albany County to Warren County (see, CPLR 510 [1]).

Finally, Supreme Court properly denied plaintiffs' motion to renew, as plaintiffs failed to show new facts to support the motion and a justifiable excuse for not placing the new material before Supreme Court, especially since plaintiffs conceded that

they had "general knowledge" of its existence prior to their commencement of this action (*see, Matter of Cario v Sobol*, 157 AD2d 172, 176; *McGovern v Tatten, supra,* at 779; *Foley v Roche,* 68 AD2d 558, 568).

We have considered plaintiffs' remaining arguments and find them to be without merit.

White, Peters and Spain, JJ., concur; Cardona, P. J., not taking part. Ordered that the orders are affirmed, without costs.