STATE OF NEW YORK et al., Respondents, v TOWN OF HORICON et al., Appellants. [848 NYS2d 770]—

Crew III, J. Appeal from an order and judgment of the Supreme Court (Aulisi, J.), entered June 13, 2006 in Warren

County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted petitioners' motion for summary judgment annulling Local Law No. 2 (2002) of the Town of Horicon.

In September 2002, respondents enacted Local Law No. 2 (2002) of the Town of Horicon, which opened eight routes traversing state forest lands in Warren County for use by all-terrain vehicles (hereinafter ATVs). This enactment was preceded by a 1999 proposal and an earlier 2002 enactment (*see* Local Law No. 1 [2002] of Town of Horicon), both of which met with stiff opposition by petitioners.

Shortly thereafter, petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, a declaration that Local Law No. 2 was unconstitutional and violative of various state statutes and a judgment annulling respondents' adoption thereof based upon their failure to comply with, among other provisions, the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). Discovery ensued and petitioners thereafter moved for summary judgment. Respondents opposed the motion, invoking Highway Law § 189 and contending that the public had used and respondent Town of Horicon had maintained the subject routes for decades. In the interim, petitioners sought and Supreme Court issued a preliminary injunction suspending Local Law No. 2 based upon the adverse environmental impacts ATV usage was having upon the routes and surrounding forest.

Ultimately, Supreme Court granted petitioners' motion for summary judgment, finding that petitioners demonstrated that the state owned the land underlying the routes in question and that respondents, in turn, failed to tender sufficient proof to raise a question of fact as to whether the subject routes were "[h]ighways by use" within the meaning of Highway Law § 189. Upon finding that route Nos. 1 through 6 and that the portion of route No. 7 that was subject to a prior Department of Transportation closure order in 1972 constituted forest preserve lands within the exclusive jurisdiction of the Department of Environmental Conservation (hereinafter DEC), Supreme Court annulled Local Law No. 2 in its entirety.[1] This appeal by respondents ensued.

We affirm, albeit for somewhat different reasons than those

1. There does not appear to be any dispute that route No. 8 constitutes a seasonal-use town road.

expressed by Supreme Court.[2] While we have no quarrel with Supreme Court's resolution of which entity has jurisdiction over the routes traversing the state lands, we are of the view that Local Law No. 2 should be annulled in its entirety due to respondents' documented failure to comply with the provisions of SEQRA and/or Vehicle and Traffic Law § 2405 (1).[3]

The adoption of a local law that "may" affect the environment constitutes an "action" within the meaning of the relevant statute and accompanying regulations (*see* ECL 8-0105 [4]; 6 NYCRR 617.2 [b]) and, as such, it was incumbent upon respondent Town Board of the Town of Horicon to exercise due diligence in ascertaining "whether the action may involve one or more other agencies" and to make a "preliminary classification" thereof (6 NYCRR 617.6 [a] [1] [iii], [iv]). Once that determination was made, a "lead agency" had to be designated to coordinate the ensuing review process (*see* 6 NYCRR 617.6 [b]).

Here, there can be no serious dispute that DEC, as the land manager for the underlying forest preserve, plainly qualifies as an "involved agency" (6 NYCRR 617.2 [s]). Despite receiving letters in opposition to the various local laws proposed in 1999 and 2002, it is clear that respondents made no effort whatsoever to either confer with DEC on this matter, designate a lead agency or otherwise undertake a coordinated review process. To the extent that respondents argue that they were merely opening town roads to ATV use and/or that DEC was free to more

2. Preliminarily, we agree with Supreme Court that petitioners' submissions, including numerous deeds for the "great lots" in question, the colorized map submitted as petitioners' exhibit No. 7 on the motion for summary judgment and the affidavit of Michael Grove, a licensed land surveyor employed by DEC, are more than sufficient to discharge their initial burden on the motion for summary judgment, i.e., to demonstrate exclusive ownership and control over the forest preserve and/or wilderness areas that the routes traverse. In opposition, respondents attempted to demonstrate that the routes in question constituted "[h]ighways by use" within the meaning of Highway Law § 189, which "is established by showing that, for a period of at least 10 years, the road at issue was used by the public and the municipality exercised dominion and control over the road" (*Whitton v Thomas*, 25 AD3d 996, 997 [2006], *lv dismissed* 7 NY3d 783 [2006]). Such a showing, in turn, requires more than intermittent use by the public and more than occasional road work by the municipality (*see e.g. LaSalle Co. v Town of Hillsdale*, 199 AD2d 685 [1993]). Upon our review of the voluminous record before us, we are persuaded that neither the affidavit submitted by professional abstractor Thomas Magee, the town maps submitted by respondents nor the averments of its various residents and officials offering vague recollections of unspecified instances of road use and/or maintenance is sufficient to raise a question of fact as to whether the routes at issue indeed were highways by use.

3. These alternative grounds were raised by petitioners but not addressed by Supreme Court.

forcefully interject itself into the Town's legislative process, we agree with petitioners that such claims are both disingenuous and, ultimately, unavailing. Hence, inasmuch as strict compliance with SEQRA's procedural requirements is mandated (see Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 347 [1996]), respondents' failures in this regard compel annulment of Local Law No. 2 in its entirety.

Moreover, even assuming that no procedural infirmities existed here, we nonetheless would agree with petitioners that respondents failed to take the requisite "hard look" at the various environmental impacts and/or provide a "reasoned elaboration" for the negative declaration issued (see e.g. Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 347-348 [2003]). The review process undertaken by respondents, which charitably could be described as perfunctory, was devoid of any studies or analyses. While we acknowledge that in the absence of such studies, the impact of opening the routes to routine ATV use upon soil erosion, drainage patterns, air quality and noise levels—to name but a few potential impacts—cannot definitively be ascertained, it simply strains credulity to suggest, as respondents summarily concluded, that opening forest lands to ATV usage would have no impact whatsoever upon any of these areas. Simply put, the review process undertaken by respondents falls far short of both the letter and the spirit of SEQRA.

We reach a similar conclusion with regard to Vehicle and Traffic Law § 2405 (1), which permits agencies to open highways in their jurisdiction to ATVs "when in the determination of the governmental agency concerned, it is otherwise impossible for ATVs to gain access to areas or trails adjacent to the highway." Although Local Law No. 2 indeed contains a recital to this effect, there is absolutely nothing in the record to substantiate the Town Board's findings in this regard. Accordingly, we conclude that respondents failed to discharge their obligations under Vehicle and Traffic Law § 2405 (1) and, as such, Local Law No. 2 was enacted in violation thereof. Respondents' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order and judgment is affirmed, without costs.