■ Stephan M. Pinsly et al., Respondents, v Town of Huntington et al., Appellants, et al., Defendants. [917 NYS2d 276]—

In an action for a judgment declaring that a right-of-way known as West Spring Hollow Road in the Town of Huntington is a town highway by use pursuant to Highway Law § 189, the defendant Town of Huntington appeals, and the defendants Howard Naval, Denise Naval, and Catherine Aaronson separately appeal, from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 16, 2009, which, upon an order of the same court dated June 9, 2009, granting the

plaintiffs' motion for summary judgment on the complaint and denying the cross motion of the defendant Town of Huntington, in effect, for summary judgment declaring that West Spring Hollow Road is not a town highway by use pursuant to Highway Law § 189, is in favor of the plaintiffs and against the defendants, declaring that West Spring Hollow Road is a town highway by use pursuant to Highway Law § 189.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiffs, the respective owners of four houses which abut a right-of-way known as West Spring Hollow Road in Suffolk County, brought an action against the Town of Huntington and certain individual defendants for a declaration pursuant to CPLR 3001 that West Spring Hollow Road is a town highway by use pursuant to Highway Law § 189. After discovery, the plaintiffs moved for summary judgment and the defendant Town cross-moved, in effect, for summary judgment in its favor. The Supreme Court granted the plaintiffs' motion, denied the Town's cross motion, and entered a judgment in favor of the plaintiffs. We affirm.

Highway Law § 189 provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods." Highway Law § 189 has been interpreted as "requir[ing] that two separate conditions be satisfied: first, there must be a showing that the public uses the roadway and, second, there must be a showing that the municipality has kept the road in repair for the requisite period" (*Salvador v New York State Dept. of Transp.*, 234 AD2d 741, 742 [1996]; *see State of New York v Town of Horicon*, 46 AD3d 1287, 1289 n 2 [2007]; *Egan v Halverson*, 271 AD2d 844, 845-846 [2000]; *see also American Nassau Bldg. Sys. v Press*, 143 AD2d 789, 790-791 [1988]). Since the plaintiffs, on their motion, demonstrated that there was public use of the subject road and that the Town maintained, repaired, and otherwise assumed control of the road for the requisite statutory time period, the plaintiffs established, prima facie, that the subject road was a highway by use within the meaning of Highway Law § 189 (*see Whitton v Thomas*, 25 AD3d 996, 997 [2006]; *Town of Addison v Meeks*, 233 AD2d 843, 843-844 [1996]; *see also Impastato v Village of Catskill*, 55 AD2d 714, 715 [1976], *affd* 43 NY2d 888 [1978]).

In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Whitton v Thomas*, 25 AD3d at 997).

The appellants' remaining contentions are without merit.

Therefore, the Supreme Court properly declared that West Spring Hollow Road is a town highway by use pursuant to Highway Law § 189. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.