■ LONG POND ASSOCIATION, INC., Appellant, v TOWN OF CARMEL et al., Respondents. [927 NYS2d 679]—

The defendant Town of Carmel established its prima facie entitlement to judgment as a matter of law on the ground that the subject roads are not town highways by use. Highway Law § 189 provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods." In order for a private road to be deemed a public highway by use, it must be "show[n] that, for a period of at least 10 years, the road at issue was used by the public and the municipality exercised dominion and control over the road" (*State of New York v Town of Horicon*, 46 AD3d 1287, 1289 n 2 [2007] [internal quotation marks omitted]; *see Pinsly v Town of Huntington*, 81 AD3d 910, 911 [2011]; *Whitton v Thomas*, 25 AD3d 996, 997 [2006]; *Egan v Halverson*, 271 AD2d 844, 845 [2000]; *Salvador v New York State Dept. of Transp.*, 234 AD2d 741, 742 [1996]). "Such a showing . . . requires more than intermittent use by the public and more than occasional road work by the municipality" (*State of New York v Town of Horicon*, 46 AD3d at 1289 n 2).

Here, the evidence submitted by the Town established, prima facie, that the subject roads, which consisted of eight private roads in the Long Pond Association community, were not used by the public for a continuous period of 10 years. In opposition to the Town's prima facie showing, the plaintiff failed to raise a triable issue of fact as to continuous use of the roads by the

public (*see State of New York v Town of Horicon*, 46 AD3d at 1289 n 2).

The evidence submitted by the Town also established, prima facie, that it did not regularly maintain the subject roads and exercise dominion and control over those roads for a period of 10 years or more. In opposition, the plaintiff failed to raise a triable issue of fact. Although the Town performed certain repairs of the subject roads, such work was performed primarily to provide or improve emergency access, and the subject roads were not kept in repair or maintained in the same manner as Town roads. While the plaintiff submitted some evidence that the Town plowed snow from the subject roads, this evidence was insufficient to raise a triable issue of fact as to whether the Town exercised dominion and control over the roads in the absence of proof of regular maintenance and repair of the roads by the Town. Under these circumstances, the Supreme Court properly concluded, as a matter of law, that the subject roads may not be deemed town highways by use as defined by Highway Law § 189 (*see Matter of Hillelson v Grover*, 105 AD2d 484, 485 [1984]; *see also Matter of Desotelle v Town Bd. of Town of Schuyler Falls*, 301 AD2d 1003, 1004 [2003]; *Town of Lake George v Dehaan*, 211 AD2d 911, 912-913 [1995]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Putnam County, for the entry of a judgment making the appropriate declaration (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.