■ ALICE V. BRANDON et al., Respondents, v TOWN OF SOUTHEAST et al., Appellants. [54 NYS3d 42]—

Appeal from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated December 3, 2015. The order granted the plaintiffs' motion, inter alia, for summary judgment making a declaration in their favor.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment in accordance herewith.

The plaintiffs, homeowners of property on Mine Lane in the Town of Southeast, commenced this action against the Town, the Town Highway Department, and Michael Bruen, the Town Highway Superintendent (hereinafter collectively the defendants), seeking a judgment declaring that Mine Lane is a Town highway by use pursuant to Highway Law § 189. The plaintiffs moved for summary judgment making that declaration, and to direct the defendants to continue maintaining and plowing Mine Lane during the pendency of the action. The Supreme Court granted the plaintiffs' motion, and the defendants appeal.

Highway Law § 189 provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods." "In order for a private road to be deemed a public highway by use, it must be 'show[n] that,

for a period of at least 10 years, the road at issue was used by the public and the municipality exercised dominion and control over the road' " (*Long Pond Assn., Inc. v Town of Carmel*, 87 AD3d 525, 525 [2011], quoting *State of New York v Town of Horicon*, 46 AD3d 1287, 1289 n 2 [2007]; *see Pinsly v Town of Huntington*, 81 AD3d 910, 911 [2011]; *Egan v Halverson*, 271 AD2d 844, 845 [2000]; *Salvador v New York State Dept. of Transp.*, 234 AD2d 741, 742 [1996]). "Such a showing . . . requires more than intermittent use by the public and more than occasional road work by the municipality" (*State of New York v Town of Horicon*, 46 AD3d at 1289 n 2). Here, the plaintiffs established, prima facie, that there was public use of Mine Lane and that the Town maintained, repaired, and otherwise assumed control of Mine Lane for the requisite statutory time period (*see Pinsly v Town of Huntington*, 81 AD3d at 911; *Whitton v Thomas*, 25 AD3d 996, 997 [2006]; *Town of Addison v Meeks*, 233 AD2d 843, 843-844 [1996]; *see also Impastato v Village of Catskill*, 55 AD2d 714, 715 [1976], *affd* 43 NY2d 888 [1978]). In opposition, the defendants failed to raise a triable issue of fact.

The defendants' remaining contention is not properly before this Court (*see Katchalova v Perchikov*, 43 AD3d 873, 875 [2007]; *Patino v Lockformer Co.*, 303 AD2d 731 [2003]; *Tranes v Independent Health Assn.*, 275 AD2d 410, 410 [2000]; *Panzella v Shop Rite Supermarkets*, 238 AD2d 490 [1997]).

Accordingly, the Supreme Court properly granted the plaintiffs' motion. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Putnam County, for the entry of a judgment declaring that Mine Lane is a Town highway by use pursuant to Highway Law § 189 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.