Matter of Woodson v Town of Riverhead (2022 NY Slip Op 01797)





Matter of Woodson v Town of Riverhead


2022 NY Slip Op 01797


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-08350
 (Index No. 77/18)

[*1]In the Matter of George Woodson, etc., appellant-respondent,
v
Town of Riverhead, et al., respondents, Oak Hills Association, Inc., respondent-appellant.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Rhoda Y. Andors and Michael P. Siravo of counsel), for appellant-respondent.
Law Offices of David A. Antwork, P.C., Merrick, NY, for respondent-appellant.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the respondent/defendant Town Board of the Town of Riverhead dated September 6, 2017, designating certain roads in the Town of Riverhead to be public highways by use pursuant to Highway Law § 189, and action for declaratory relief, the petitioner/plaintiff appeals, and the respondent/defendant Oak Hills Association, Inc., cross-appeals, from an order and judgment (one paper) of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated May 8, 2019. The order and judgment, insofar as appealed from, granted that branch of the motion of the respondent/defendant Oak Hills Association, Inc., which was pursuant to CPLR 3211(a) to dismiss that branch of the petition/complaint which was to annul so much of the resolution as designated Oak Drive, Harper Road, Fern Road East, and Laurel Lane to be public highways by use pursuant to Highway Law § 189, and denied that branch of the petition/complaint which was to annul so much of the resolution as designated Oak Drive, Harper Road, Fern Road East, and Laurel Lane to be public highways by use pursuant to Highway Law § 189. The order and judgment, insofar as cross-appealed from, denied that branch of the motion of the respondent/defendant Oak Hills Association, Inc., which was pursuant to CPLR 3211(a) to dismiss that branch of the petition/complaint which was to annul so much of the resolution as designated Fern Road West, Glen Road West, Glen Road East, Hickory Lane, Kings Highway, Maple Road, Cedar Road, and Park Place to be public highways by use pursuant to Highway Law § 189, and granted that branch of the petition/complaint which was to annul so much of the resolution as designated Fern Road West, Glen Road West, Glen Road East, Hickory Lane, Kings Highway, Maple Road, Cedar Road, and Park Place to be public highways by use pursuant to Highway Law § 189.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, that branch of the motion of the respondent/defendant Oak Hills Association, Inc., which was pursuant to CPLR 3211(a) to dismiss that branch of the petition/complaint which was to annul so much of the resolution as designated Oak Drive, Harper Road, Fern Road East, and Laurel Lane to be public highways by use pursuant to Highway Law § 189 is denied, and that branch of the petition/complaint which was to annul so much of the resolution as designated Oak Drive, Harper Road, Fern Road East, and Laurel Lane to be public highways by use pursuant to Highway Law § 189 is granted; and it is further,
ORDERED that the order and judgment is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner/plaintiff.
On September 6, 2017, following a public hearing, the Town Board of the Town of Riverhead (hereinafter the Town Board) adopted a resolution designating 12 roads in the Town of Riverhead to be public highways by use pursuant to Highway Law § 189. In January 2018, the petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 to annul the resolution and action for declaratory relief. The respondent/defendant Oak Hills Association, Inc. (hereinafter Oak Hills), moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition/complaint.
The Supreme Court concluded that the Town Board's determination designating Oak Drive, Harper Road, Fern Road East, and Laurel Lane to be public highways by use pursuant to Highway Law § 189 was not arbitrary and capricious and was supported by the evidence presented at the public hearing. Thus, the court granted that branch of Oak Hills' motion which was to dismiss that branch of the petition/complaint which was to annul so much of the resolution as designated those four roads to be public highways by use pursuant to Highway Law § 189 and denied that branch of the petition/complaint. However, the court concluded that the Town Board's determination designating Fern Road West, Glen Road West, Glen Road East, Hickory Lane, Kings Highway, Maple Road, Cedar Road, and Park Place to be public highways by use pursuant to Highway Law § 189 was arbitrary and capricious. Thus, the court denied that branch of Oak Hills' motion which was to dismiss that branch of the petition/complaint which was to annul so much of the resolution as designated those eight roads to be public highways by use pursuant to Highway Law § 189 and granted that branch of the petition/complaint. The petitioner appeals, and Oak Hills cross-appeals.
In the proceeding portion of this matter, the petitioner sought review pursuant to CPLR 7803(3) of a determination made without a formal hearing. Judicial review of such a determination "is limited to whether [the] determination was arbitrary or capricious or without a rational basis in the administrative record, and once it has been determined that an agency's conclusion has a sound basis in reason . . . the judicial function is at an end" (Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428 [citations and internal quotation marks omitted], affd 11 NY3d 859).
Highway Law § 189 provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the town superintendent shall open all such highways to the width of at least three rods." "In order for a private road to be deemed a public highway by use, it must be 'show[n] that, for a period of at least 10 years, the road at issue was used by the public and the municipality exercised dominion and control over the road'" (Long Pond Assn., Inc. v Town of Carmel, 87 AD3d 525, 525, quoting State of New York v Town of Horicon, 46 AD3d 1287, 1289 n 2; see Pinsly v Town of Huntington, 81 AD3d 910, 911; Egan v Halverson, 271 AD2d 844, 845; Salvador v New York State Dept. of Transp., 234 AD2d 741, 742). "Such a showing . . . requires more than intermittent use by the public and more than occasional road work by the municipality" (State of New York v Town of Horicon, 46 AD3d at 1289 n 2).
Here, while there was some evidence that the Town performed certain services on the subject roadways, including snow removal, pothole repair, and drain cleaning, there was a rational basis for the conclusion that there was no public use for at least 10 years of any of the 12 roadways encompassed by the resolution. Thus, the Supreme Court properly granted that branch of the petition/complaint which was to annul so much of the resolution as designated Fern Road West, Glen Road West, Glen Road East, Hickory Lane, Kings Highway, Maple Road, Cedar Road, and Park Place to be public highways by use pursuant to Highway Law § 189, and properly denied that branch of Oak Hills' motion which was to dismiss that branch of the petition/complaint. The Town Board's determination with respect to those eight roadways was arbitrary and capricious and lacked a rational basis, as there was no evidence showing that those eight roadways had a public use for in excess of [*2]10 years. For the same reason, so much of the resolution as designated Oak Drive, Harper Road, Fern Road East, and Laurel Lane as public highways by use pursuant to Highway Law § 189 was arbitrary and capricious and lacked a rational basis. Thus, the court should have denied that branch of Oak Hills' motion which was to dismiss that branch of the petition/complaint which was to annul so much of the resolution as designated those four roads as public highways by use pursuant to Highway Law § 189 and should have granted that branch of the petition/complaint.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court