Matter of Ridler v Housing Trust Fund Corp. (2025 NY Slip Op 02785)

Matter of Ridler v Housing Trust Fund Corp.

2025 NY Slip Op 02785

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-00503
 (Index No. 620938/21)

[*1]In the Matter of George Ridler, respondent,
v
Housing Trust Fund Corporation, et al., appellants.

Rozario Touma, P.C., New York, NY (Hiba Touma of counsel), for appellants.
Seth M. Rosner, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Governor's Office of Storm Recovery dated September 17, 2021, which upheld a determination of the Housing Trust Fund Corporation dated May 22, 2019, finding that the petitioner was ineligible to receive grant funds from the New York Rising Housing Property Program, the Housing Trust Fund Corporation and the Governor's Office of Storm Recovery appeal from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated November 17, 2022. The judgment granted the petition and, in effect, annulled the determination.
ORDERED that the judgment is affirmed, with costs.
The Housing Trust Fund Corporation (hereinafter the HTFC) administers disaster recovery programs through the Governor's Office of Storm Recovery (hereinafter the GOSR) and implemented the New York Rising Housing Recovery Program (hereinafter the Program) to award grant funds to rental property owners affected by storms such as Superstorm Sandy. On January 16, 2014, the petitioner applied to the Program for grant funds to rehabilitate and elevate his rental property, a single-family home located in Long Beach, and to repair damage caused by Superstorm Sandy. In total, the petitioner was awarded $183,032.63 in grant funds from the Program, $167,345.24 of which was paid out in a series of 11 checks between March 6, 2015, and December 24, 2018.
In May 2019, the HTFC advised the petitioner that he was ineligible to receive grant funds because he "failed to notify the Program that relocation was required" for his tenants from April 1, 2015, to April 1, 2016, due to Program-funded activity and the petitioner did not permit his tenants to return to the rental property after the completion of a Program-funded project. After the petitioner requested clarification, the HTFC advised him of its determination that he was ineligible to receive grant funds because he failed to notify the Program that relocation was required for his tenants and subsequently denied them the "right to return." The petitioner appealed the determination pursuant to the designated administrative appeal process. The petitioner's appeal was denied, and the petitioner was directed to return all funds that he received from the Program.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to review [*2]the GOSR's determination. In a judgment dated November 17, 2022, the Supreme Court granted the petition and, in effect, annulled the determination. Among other things, the court concluded that the petitioner's tenants were not displaced from the rental property as a result of any Program-related activity, such as rehabilitation or repairs, and that the "tenants left of their own volition and had no intent to return post-construction." The HTFC and the GOSR appeal.
Judicial review of an agency determination made without a hearing is limited to whether the determination was arbitrary and capricious or without a rational basis in the administrative record (see CPLR 7803[3]; Matter of Woodson v Town of Riverhead, 203 AD3d 935, 937; Matter of Espinal v County of Nassau, 172 AD3d 1064, 1066). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 230 AD3d 679, 680 [internal quotation marks omitted]; see Matter of Shapiro v Planning Bd. of the Town of Ramapo, 155 AD3d 741, 743).
Here, the determination that the petitioner was ineligible for grant funds on the ground that he failed to notify the Program that his tenants required relocation and denied his tenants the right to return to the rental property was arbitrary and capricious and lacked a rational basis in the administrative record (see generally Matter of Woodson v Town of Riverhead, 203 AD3d at 937-938). The Supreme Court correctly determined that this record reflects, inter alia, that the tenants occupying the rental property during the relevant time period did not require relocation, that they voluntarily ended their tenancy for personal reasons unrelated to any rehabilitation or repair work, and that they had no intention of returning to the rental property after the completion of Program-related rehabilitation or repair work.
To the extent that the HTFC and the GOSR contend that the petitioner was ineligible for grant funds on the ground that he failed to send certain notices to his tenants, such contention may not be considered because this ground was not invoked by the agencies in the administrative proceedings (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758; Matter of McFadden v McDonald, 204 AD3d 672, 674; Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d 504, 506).
Accordingly, the Supreme Court properly granted the petition and, in effect, annulled the GOSR's determination.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court