Matter of Rye Ridge Park, LLC v Village of Rye Brook

2026 NY Slip Op 02121

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rye Ridge Park, LLC, et al., appellants,

v

Village of Rye Brook, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2022-00414, (Index No. 51632/20)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Silverberg Zalantis LLC, Tarrytown, NY (Christie Tomm Addona of counsel), for appellants.

Keane & Beane P.C., White Plains, NY (Jennifer L. Gray and George Alissandratos of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents to accept a payment in lieu of parkland and return a letter of credit, the petitioners appeal from an order of the Supreme Court, Westchester County (Melissa A. Loehr, J.), dated April 5, 2021. The order, in effect, denied the petition, and thereupon converted the proceeding to an action to recover damages for breach of contract.

ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the respondents.

The petitioners commenced this CPLR article 78 proceeding against the respondents, Village of Rye Brook, Village of Rye Brook Board of Trustees, Village of Rye Brook Village Administrator, and Village of Rye Brook Village Treasurer (hereinafter collectively the Village respondents), inter alia, in the nature of mandamus to compel them to accept a monetary payment pursuant to a 2016 resolution adopted by the Village in lieu of parkland and return a letter of credit. In an order dated April 5, 2021, the Supreme Court, in effect, denied the petition, and thereupon converted the proceeding to an action to recover damages for breach of contract. The petitioners appeal.

Contrary to the petitioners' contentions, they were not entitled to mandamus relief to compel the Village respondents to accept a payment in lieu of parkland and to release the letter of credit. "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679; see Matter of Town of Riverhead v [*2]County of Suffolk, 237 AD3d 944, 945-946). Thus, mandamus is available only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184; Matter of Town of Riverhead v County of Suffolk, 237 AD3d at 946). Discretionary acts involve the exercise of reasoned judgment which could typically produce different acceptable results, whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result (see Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093; Matter of Santman v Satterthwaite, 238 AD3d 1156, 1159). Thus, mandamus may be employed to compel acts that officials are duty-bound to perform (see Matter of Santman v Satterthwaite, 238 AD3d at 1159; Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615). Here, the Village respondents were not duty-bound to accept the petitioners' payment in lieu of parkland. The determination as to whether the park was constructed, and therefore whether the Village respondents were obligated to accept a payment in lieu of parkland, was a discretionary determination to be made by the Village respondents.

In a CPLR article 78 proceeding to review a determination of a governmental entity made without an evidentiary hearing, the standard of review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see Matter of Smith v New York City Fire Dept., 239 AD3d 870, 872; Matter of Achille v Laveman, 224 AD3d 744, 746). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431). If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable (see Matter of LL 410 E. 78th St. LLC v Division of Hous. & Community Renewal, 44 NY3d 232, 237; Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043). Judicial review is limited to whether the determination was arbitrary and capricious or without a rational basis in the administrative record, and once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end (see Matter of Achille v Laveman, 224 AD3d at 746; Matter of Woodson v Town of Riverhead, 203 AD3d 935, 937). Here, the Village respondents' actions had a rational basis and was not arbitrary or capricious, since the park had been substantially built and the required remediation had not been completed.

The petitioners' remaining contention is without merit.

Accordingly, there is no basis to disturb the determination of the Supreme Court.

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court