■ Paul Dutcher et al., Appellants, v Town of Shandaken et al., Respondents. [803 NYS2d 756]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered December 11, 2003 in Ulster County, upon a decision of the court in favor of defendants.

Plaintiffs are the owners of a parcel of real property fronting on Fox Hollow Road in the Town of Shandaken, Ulster County, consisting of plaintiffs' residence and tree nursery business (hereinafter property No. 1). Plaintiff Paul Dutcher also owns a second parcel to the south (hereinafter property No. 2) which, although generally unimproved, is often utilized in plaintiffs' nursery business. Plaintiffs claim that defendant County of Ulster, by installing a guide rail on property No. 1 during the reconstruction of Holden Bridge, trespassed and unlawfully appropriated a portion of their property resulting in damage to their personal and real property. Plaintiffs' claim with respect to property No. 2 against defendant Town of Shandaken is

premised upon the allegation that the Town unlawfully entered this property and dug a drainage ditch. A bench trial before Supreme Court resulted in the dismissal of plaintiffs' claims, and plaintiffs now appeal.

First, with respect to property No. 1, it is undisputed that plaintiffs' fee ownership extends to the center of Fox Hollow Road as it became a public highway by use pursuant to Highway Law § 189. Plaintiffs' principal contention is that during the reconstruction of Holden Bridge, the County placed the guide rail outside of the highway easement and on plaintiffs' property, thereby constituting a de facto appropriation.

As a general rule, a highway easement created by use is as wide as the actual use for purposes of public travel (see Schillawski v State of New York, 9 NY2d 235, 238 [1961]). Included are "such uses as appertain directly or indirectly to the right of passage and tend in some way to preserve or make more easy the exercise of such right" (Thompson v Orange & Rockland Elec. Co., 254 NY 366, 369 [1930]; see Highway Law § 2 [4]). In this regard, Supreme Court, relying upon the placement of concrete posts outside of the traveled portion of Fox Hollow Road for the period 1956 to 1990, concluded that the County had met its burden of proving that its easement was as wide as the placement of the concrete posts leading to Holden Bridge (see Van Allen v Town of Kinderhook, 47 Misc 2d 955, 959-960 [1965]). We agree that this evidence expands the width of the public easement beyond the traveled portion of Fox Hollow Road. Although plaintiffs' engineer testified that, during reconstruction, the County widened the pavement by two feet and installed a new guide rail which extends further from the bridge than the concrete posts used to, he did not locate these posts, thus failing to establish that the guide rail is outside the width of the public easement. Accordingly, we affirm Supreme Court's dismissal of this claim.

The evidence, as it concerns the second property, establishes that, since 1972, the culvert and swale area to the brook were open, obvious and continuously maintained by the Town and, thus, Dutcher had notice thereof. In August 1999, Dutcher blocked the culvert and drainage area with five truck loads of dirt. Upon Dutcher's refusal to remove it, the Town Highway Department dug a ditch through the dirt fill to reopen the culvert and drainage area. As the culvert under Fox Hollow Road and drainage area are necessary to preserve the public's right of passage, they constitute a portion of the public highway and may be maintained by the Town (see Thompson v Orange & Rockland Elec. Co., supra at 369). Moreover, the trial evi-

dence clearly establishes all of the elements of an easement by prescription for the drainage area across this property (*see Village of Schoharie v Coons*, 34 AD2d 701, 701-702 [1970], *affd* 28 NY2d 568 [1971]). Since the Town has the right to maintain its easement, no trespass occurred and Supreme Court properly dismissed this claim.

As a final matter, we find no error in Supreme Court ordering plaintiffs to remove their personal property situated between the newly installed guide rail and the traveled portion of Fox Hollow Road adjacent to property No. 1. Although plaintiffs retain ownership of the fee in the land under the County's easement for Fox Hollow Road, they may not use the land in a manner inconsistent with the public's right to safely travel the highway (*see Ashland Oil & Ref. Co. v State of New York*, 26 NY2d 390, 392 [1970]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.