In the Matter of RONALD MARCHAND, JR., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent, and INCORPORATED VILLAGE OF BAYVILLE, Respondent. [922 NYS2d 493]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated July 24, 2006, and action pursuant to RPAPL article 15, inter alia, to compel the determination of a claim to real property, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), entered January 20, 2010, which, upon an order of the same court (LaMarca, J.), dated September 17, 2009, among other things, granting that branch of the cross motion of the respondent/defendant Incorporated Village of Bayville which was for summary judgment declaring that the subject property became a village street by prescription under Village Law § 6-626 and, after a nonjury trial on the issue of whether the street ceased to be a village street by prescription because it had been abandoned by nonuse, was in favor of the respondent/defendant Incorporated Village of Bayville and against them, declaring that the property continues to be a village street by prescription and a public right-of-way.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the roadway crossing the petitioners/plaintiffs' property had become a village street by prescription. Village Law § 6-626 provides, "[a]ll lands within the village which have been used by the public as a street for ten years or more continuously, shall be a street with the same force and effect as if it had been duly laid out and recorded as such." However, "use or potential use by the public of a private road will not, by virtue of that fact alone, transform a private road into a public street" (*American Nassau Bldg. Sys. v Press*, 143 AD2d 789, 790-791 [1988], citing *Impastato v Village of Catskill*, 55 AD2d 714 [1976], *affd* 43 NY2d 888 [1978]). "In addition to a finding of use by the public, 'there must also be a finding that the road has been kept in repair or taken in charge, and thus adopted by the public authorities during the

period in question [i.e., 10 years or more]' " (*American Nassau Bldg. Sys. v Press*, 143 AD2d at 791, quoting *Jakobson v Chestnut Hill Props.*, 106 Misc 2d 918, 926-927 [1981]; *see Pinsly v Town of Huntington*, 81 AD3d 910 [2011]).

Here, the Incorporated Village of Bayville established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by submitting affidavits of village officials and residents, who averred that the subject roadway had been used by the public on a continuous basis during the statutory period. In addition, the Village submitted affidavits of various officials establishing that it performed certain municipal services, including snow plowing and sanding, garbage removal, maintenance of fire hydrants and water mains, and the removal of obstructions and surplus water. Contrary to the petitioners/plaintiffs' contention, the provision of such services is sufficient to demonstrate that the road was adopted by the public authorities during the period in question (*see American Nassau Bldg. Sys. v Press*, 143 AD2d 789 [1988]). In opposition, the petitioners/plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Moreover, in reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that "in a close case[,] . . . the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see D'Argenio v Ashland Bldg., LLC*, 78 AD3d 758 [2010]; *Golding v Gottesman*, 41 AD3d 430 [2007]; *Tornheim v Kohn*, 31 AD3d 748 [2006]).

The only issue at trial in this matter was whether the street ceased to be a village street by prescription because it had been abandoned by nonuse. A public highway or a public right-of-way will be deemed abandoned if it has not been traveled or used as such for six years (*see* Highway Law § 205 [1]; *Ciarelli v Lynch*, 69 AD3d 1008 [2010]; *Curtis v Town of Galway*, 50 AD3d 1370, 1371 [2008]). The burden of demonstrating abandonment rests with plaintiffs, as "it has long been settled that once a road becomes a public highway, 'it is presumed to continue until it is shown to exist no longer' " (*Curtis v Town of Galway*, 50 AD3d at 1371, quoting *City of Cohoes v Delaware & Hudson Canal Co.*, 134 NY 397, 407 [1892]; *see Matter of Smigel v Town of Rensselaerville*, 283 AD2d 863, 864 [2001]). Here, the Supreme Court's determination that the petitioners/plaintiffs failed to

prove abandonment by nonuse is supported by the record. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.