[973 NE2d 1270, 950 NYS2d 496]

In the Matter of RONALD MARCHAND, JR., et al., Appellants, v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSER-
VATION, Defendant, and INCORPORATED VILLAGE OF
BAYVILLE, Respondent.

Argued May 31, 2012; decided June 27, 2012

**POINTS OF COUNSEL**

*Albanese & Albanese LLP*, Garden City (*Bruce W. Migatz* of counsel), for appellants. I. To become a village street by prescription a private road must be maintained by the village. (*Diamond Int. Corp. v Little Kildare*, 22 NY2d 819; *Speir v Town of New Utrecht*, 121 NY 420; *People v Underhill*, 144 NY 316; *People v Sutherland*, 252 NY 86; *People v Brooklyn & Queens Tr. Corp.*, 273 NY 394; *Impastato v Village of Catskill*, 55 AD2d 714, 43 NY2d 888; *Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718; *Town of Addison v Meeks*, 233 AD2d 843; *Pinsly v Town of Huntington*, 81 AD3d 910; *Salvador v New York State Dept. of Transp.*, 234 AD2d 741.) II. A village street by prescription must be maintained by the village. (*Stiuso v City of New York*, 87 NY2d 889; *Friedman v State of New York*, 67 NY2d 271; *Lopes v Rostad*, 45 NY2d 617; *Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718; *Impastato v Village of Catskill*, 55 AD2d 714.)

*Ackerman, Levine, Cullen, Brickman & Limmer, LLP*, Great Neck (*James A. Bradley* of counsel), for respondent. I. The factual findings of the Second Department that Washington Avenue has been used by the public and that the Incorporated Village of Bayville performed over that road the municipal services it described in its affidavits cannot be reviewed by this Court. (*Glenbriar Co. v Lipsman*, 5 NY3d 388.) II. Where there has been the requisite period of public use, a private street becomes a village street under Village Law § 6-626 where the village has

taken charge and assumed control of the street, even if the village does not maintain it. (*Diamond Int. Corp. v Little Kildare*, 22 NY2d 819; *People v Sutherland*, 252 NY 86; *Speir v Town of New Utrecht*, 121 NY 420; *Pirman v Confer*, 273 NY 357; *People v Underhill*, 144 NY 316; *Impastato v Village of Catskill*, 55 AD2d 714, 43 NY2d 888; *Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718; *Town of Addison v Meeks*, 233 AD2d 843; *Nogard v Strand*, 38 AD2d 871; *De Haan v Broad Hollow Estates*, 3 AD2d 848.) III. Services performed by the Incorporated Village of Bayville and its regulation through article III of chapter 64 of the Code of the Incorporated Village of Bayville are actions by the Village to take charge and assume control of Washington Avenue so as to support a finding that it is a village street by prescription. (*Provencher v Town of Saranac*, 168 AD2d 770; *Stuart v Town of Wells*, 161 AD2d 1073; *American Nassau Bldg. Sys. v Press*, 143 AD2d 789; *Nogard v Strand*, 38 AD2d 871; *La France v Town of Altamont*, 277 App Div 917; *La-Salle Co. v Town of Hillsdale*, 199 AD2d 685; *People v Brooklyn & Queens Tr. Corp.*, 273 NY 394; *Matter of Hillelson v Grover*, 105 AD2d 484; *People v Underhill*, 144 NY 316.) IV. The Incorporated Village of Bayville's legislative findings made in enacting Code of the Incorporated Village of Bayville article III, chapter 64 are entitled to great weight by the court. (*East N.Y. Sav. Bank v Hahn*, 293 NY 622, 326 US 230; *People v Walker*, 81 NY2d 661; *Hotel Dorset Co. v Trust for Cultural Resources of City of N.Y.*, 46 NY2d 358; *Big Apple Ice Cream v City of New York*, 7 AD3d 282.) V. The Incorporated Village of Bayville is not required to maintain a village street by prescription. (*Matter of Village of Chestnut Ridge v Howard*, 92 NY2d 718; *Stiuso v City of New York*, 87 NY2d 889; *Friedman v State of New York*, 67 NY2d 271; *Lopes v Rostad*, 45 NY2d 617; *Impastato v Village of Catskill*, 55 AD2d 714, 43 NY2d 888.)

### OPINION OF THE COURT

Smith, J.

We hold that a private road cannot become a public street pursuant to Village Law § 6-626 if the street is not maintained and repaired by the village.

Ronald and Margaret Marchand own property in the Village of Bayville through which runs a dirt road referred to by several names, one of which is the "Travelled Way." The Marchands assert that the road is private property, while the Village says that it is a village street. This litigation began when the Village

obtained a permit from the Department of Environmental Conservation (DEC) to do drainage work under the road, and the Marchands challenged the issuance of the permit. The Village no longer seeks to do the drainage work, however, and the DEC is no longer in the case. The action now is simply one by the Marchands against the Village to quiet title to the Travelled Way.

Supreme Court, after a nonjury trial, entered a judgment in favor of the Village, declaring that the Travelled Way is a village street. The Appellate Division affirmed (*Matter of Marchand v New York State Dept. of Envtl. Conservation*, 84 AD3d 808 [2011]). We granted leave to appeal, and now reverse.

Village Law § 6-626 says: "All lands within the village which have been used by the public as a street for ten years or more continuously, shall be a street with the same force and effect as if it had been duly laid out and recorded as such."

The courts below found that the Travelled Way had been "used by the public" for more than 10 years in the sense that members of the public had walked and driven along it, and the Marchands do not challenge that finding here. But, as the Village acknowledges, public use in that sense is not enough to satisfy the statute. We held more than a century ago, interpreting similar language in an earlier statute: "The road must not only be traveled upon, but it must be kept in repair or taken in charge and adopted by the public authorities" (*Speir v Town of New Utrecht*, 121 NY 420, 429-430 [1890]). The issue here is whether the Travelled Way has been "kept in repair or taken in charge" by the Village.

The Village acknowledges that it has not maintained or repaired the road; to the extent that that has been done, it has been done by the Marchands and their predecessors as owners of the property. But the Village claims that it has taken the property "in charge." The Village points out that it provides police and fire protection, plows and sands the road in winter, inspects and maintains water mains and fire hydrants, and picks up garbage. The Marchands reply that the Village provides similar services on county and town roads, and say that services like these do not turn a road into a village street.

Lower court cases go both ways on the question of whether a public body can be said to have "taken in charge" a road that it does not maintain and repair (*compare American Nassau Bldg. Sys. v Press*, 143 AD2d 789, 791 [2d Dept 1988] [road held to be

a public street "even though there has been no showing that the city engaged in regular repair"], *and Jakobson v Chestnut Hill Props.*, 106 Misc 2d 918, 927-928 [Sup Ct, Nassau County 1981] [same] *with Long Pond Assn., Inc. v Town of Carmel*, 87 AD3d 525, 526 [2d Dept 2011] [roads not town highways "in the absence of proof of regular maintenance and repair . . . by the Town"]). Our cases, however, agree with the Marchands' position that a road, to be public, must be maintained and repaired by the public. In *People v Sutherland* (252 NY 86, 91 [1929]), we held that a road was not shown to be a public highway where there was no proof "that the town became responsible for its condition." And in *Impastato v Village of Catskill* (43 NY2d 888 [1978]) we adopted the Appellate Division opinion, which said: "[N]aked use by the public is not enough, as plaintiffs must further demonstrate that the village has continuously maintained and repaired the alleged street and, thus, assumed control thereof during the period of time in question" (55 AD2d 714, 715 [3d Dept 1976]).

The rule we endorsed in *Sutherland* and *Impastato* is a fair one: a road is not public unless the public takes responsibility for maintaining and repairing it. We reaffirm that rule today.

Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted to the Marchands declaring that the road referred to in the complaint as the "Travelled Way" is a private road and not a village street.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.