*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                521171
_____

ST. LAWRENCE COUNTY,
                    Appellant,

          v                              MEMORANDUM AND ORDER

TOWN OF FOWLER et al.,
                    Respondents.
_____

Calendar Date:  January 13, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

                    _____

          Stephen D. Button, County Attorney, Canton (Michael C.
Crowe of counsel), for appellant.

          Case & Leader, LLP, Gouverneur (Henry J. Leader of
counsel), for Town of Fowler, respondent.

          Slye & Burrows, Watertown (Christina E. Stone of counsel),
for Hampshire Paper Company, Inc., respondent.

                    _____

Peters, P.J.

          Appeal from an order of the Supreme Court (Demarest, J.),
entered March 13, 2015 in St. Lawrence County, which, among other
things, granted defendants' motions for summary judgment
dismissing the complaint and declared that the Power Inlet Bridge
is owned by plaintiff.

          Defendant Hampshire Paper Company, Inc. owns and operates a
hydroelectric generating plant on the Oswegatchie River in the
Town of Fowler, St. Lawrence County.  Emeryville Road, a town
road, crosses over Hampshire Paper's power intake channel and the
Oswegatchie River by virtue of two sequential bridges that are

roughly 175 feet apart. The bridge crossing the intake channel (hereinafter the Power Inlet Bridge) was privately constructed and has a 37-foot span, while the bridge crossing the Oswegatchie River (hereinafter the Oswegatchie Bridge) was erected by the County in 1892 and has roughly a 90-foot span.

In 2012, plaintiff commenced this declaratory judgment action against Hampshire Paper and defendant Town of Fowler seeking an adjudication of the parties' rights and legal obligations with respect to the maintenance of the Power Inlet Bridge. Following joinder of issue and discovery, Hampshire Paper moved for summary judgment dismissing the complaint insofar as asserted against it, and the Town cross-moved for summary judgment dismissing the complaint and declaring that plaintiff owned the Power Inlet Bridge. Plaintiff opposed the motions and cross-moved for summary judgment declaring that Hampshire Paper or, alternatively, the Town was responsible for the maintenance and repair of the Power Inlet Bridge. Supreme Court granted defendants' motions, declared that plaintiff is the owner of the Power Inlet Bridge and dismissed the complaint. Plaintiff appeals.

The principles governing this dispute, despite their antiquity, are no less sound today than they were when articulated more than a century ago. As a general rule, it is presumed that a bridge used by the public must be maintained by the public (see Dygert v Schenck, 23 Wend 446, 451 [1840]). The presumption will not arise, however, where a private owner constructs a water channel for his or her own profit that interferes with a public right-of-way and he or she constructs a bridge to restore the public's right-of-way over the channel (see id. at 451; Heacock & Lockwood v Sherman, 14 Wend 58, 60-61 [1835]).[1] Nevertheless, a municipality will become responsible for the care and maintenance of a privately-erected bridge if it

_____

[1] It has long been held that the general statutory duty of a municipality to keep bridges within its borders in repair does not operate to abrogate this common-law rule (see Dygert v Schenck, 23 Wend at 449-450; see generally Highway Law §§ 140 [1], [2]; 234; Village Law § 6-604).

is traveled upon by the public and the municipality assumes control thereof by regularly maintaining and repairing it (see Speir v Town of Utrecht, 121 NY 420, 429 [1890]; see also Matter of Marchand v New York State Dept. of Envtl. Conservation, 19 NY3d 616, 619-620 [2012]).

While it appears that the Power Inlet Bridge was initially erected by Hampshire Paper's predecessor in interest to restore the public right-of-way interrupted by the creation of a water channel,[2] the uncontested evidence submitted on the motions establishes that plaintiff has since taken charge of such bridge. Documentary evidence and testimony from plaintiff's former Superintendent of Highways demonstrate that, in 1983, the Power Inlet Bridge was entirely redesigned and replaced by plaintiff. Significantly, the evidence reveals that the replacement was undertaken by plaintiff in order to facilitate repairs to the nearby Oswegatchie Bridge, which plaintiff owns. Moreover, plaintiff extended the Power Inlet Bridge's girders in 1986, upgraded the railings in approximately 1991 and, by resolution and with assistance from the Town, replaced the decking in 2013 (during the pendency of this action). Further, plaintiff has taken on the responsibility of posting load and weight restrictions on the Power Inlet Bridge. In our view, plaintiff's actions extend far beyond mere repair and maintenance necessary to keep a privately-owned bridge in a safe condition for the traveling public and demonstrate, instead, that plaintiff "actually [took] the bridge under [its] care" (Dygert v Schenck, 23 Wend at 448).

Moreover, by constructing the adjacent Oswegatchie Bridge, plaintiff created a singular causeway for the public to traverse the length of Emeryville Road across the Oswegatchie River. Notably, defendants' submissions make clear that, due to the close proximity of the Power Inlet Bridge and the Oswegatchie

---

[2] Although not conclusively established by the parties' submissions on the motions, Hampshire Paper asked Supreme Court to assume this fact for purposes of its summary judgment motion, and requests that this Court do the same for purposes of this appeal.

Bridge and the absence of any place to safely turn around, a vehicle that has crossed over one bridge will necessarily have to cross over the second bridge. Thus, plaintiff's construction of the Oswegatchie Bridge made it necessary for the traveling public using that publicly-owned bridge to also utilize the Power Inlet Bridge. Through the actions of plaintiff, the Power Inlet Bridge became a public utility requiring major upgrades "to bear the burdens of modern State highway traffic with the proper factor of safety" (Rodee v City of Ogdensburg, 165 App Div 651, 659 [1915], appeal dismissed 218 NY 621 [1916]). Under such circumstances, it would be inequitable and unjust to impose upon Hampshire Paper the onus of maintaining such a bridge (see id. at 659; cf. Town of Watertown v City of Waterbury, 132 Conn 441, 448-449 [1945]).

The burden having shifted to plaintiff to submit evidence implicating "the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]), plaintiff did not dispute that it replaced the bridge in 1983 or extended its girders in 1986. Nor did plaintiff allege that the Power Inlet Bridge was not used by the public. Rather, plaintiff's submissions establish only that the Power Inlet Bridge was not included in its inventory of bridges, that the Town had twice-previously (in 1935 and 1954) advised the owners of the water intake channel that they were responsible for its maintenance, and that no official action had ever been taken by plaintiff under applicable state statutes to take over responsibility for the bridge. Because plaintiff failed to raise questions of fact concerning its continued maintenance of the Power Inlet Bridge or the development of the bridge as a public highway, Supreme Court properly awarded defendants summary judgment dismissing the complaint and declaring plaintiff responsible for maintaining such bridge (see Speir v Town of Utrecht, 121 NY at 429; Rodee v City of Ogdensburg, 165 App Div at 659).

Garry, Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, with one bill of costs.


ENTER:

Robert D. Mayberger
Clerk of the Court