■ In the Matter of GREGORY SOLDATENKO et al., Respondents, v VILLAGE OF SCARSDALE ZONING BOARD OF APPEALS et al., Appellants. [30 NYS3d 256]—

In a hybrid proceeding pursuant to CPLR article 78 to review so much of a determination of the Village of Scarsdale Zoning

Board of Appeals dated July 31, 2013, as, after a hearing, and upon granting the application of the petitioners/plaintiffs for an area variance, imposed certain conditions, and action for declaratory relief, the respondents/defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Neary, J.), entered January 14, 2015, as, after a hearing, is in favor of the petitioners/plaintiffs and against the respondents/defendants, in effect, declaring that certain land at the easterly end of Farragut Road in the Village of Scarsdale is a public road by prescription, and the prescriptive section of the roadway is the same width as the remainder of Farragut Road, including the public right-of-way.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 2001, the petitioners/plaintiffs (hereinafter the plaintiffs) acquired certain property that includes what was once lot 117 and is now known as tax lots 217 and 217A on the Village of Scarsdale tax map. On that map, the plaintiffs' lots do not have street frontage, as tax lot 215A, which is owned by the Village, sits between the plaintiffs' lots and the end of Farragut Road. In July 2013, the plaintiffs applied to the Board of Appeals for the Village of Scarsdale, sued herein as Village of Scarsdale Zoning Board of Appeals (hereinafter the Board), for a variance from the frontage requirements of the Zoning Law of the Village of Scarsdale so that they could build a single-family residence on lots 217 and 217A. The Board granted the variance in a resolution dated July 31, 2013, but conditioned it, inter alia, on the plaintiffs obtaining an access easement to cross tax lot 215A. Over the course of the proceedings before the Board, the plaintiffs had maintained that despite its depiction on the official Village map, Farragut Road actually was paved and extended further than was shown on the map. In fact, it extended in such a way that it provided more than 20 feet of actual street access to lot 217. The Board, however, took the position that the subject area was not part of Farragut Road, but instead was part of tax lot 215A, and thus an easement would be required before the plaintiffs could connect a driveway to Farragut Road.

Following the Board's July 31, 2013, resolution, the plaintiffs commenced this hybrid proceeding and action, inter alia, for a judgment declaring that a strip of land located at the southeasternmost point of Farragut Road in front of lot 217 is part of the public street, and that the public roadway includes not only the paved portion of the street, but also the public right-

of-way that runs with the remainder of Farragut Road extending beyond the pavement. The Supreme Court conducted a hearing on the issue of whether the public had used the subject land as a street for 10 years or more continuously. After the hearing, the Supreme Court found that the plaintiffs had established that the subject strip of land was a public street by prescription, and that the public street included the public right-of-way that ran with the remainder of Farragut Road, and it entered a judgment, in effect, declaring the same. The respondents/defendants (hereinafter the defendants) appeal.

Contrary to the defendants' contention, the Supreme Court did not err in holding that the plaintiffs had established that the subject strip of land was a public street pursuant to Village Law § 6-626. That statute provides, "[a]ll lands within the village which have been used by the public as a street for ten years or more continuously, shall be a street with the same force and effect as if it had been duly laid out and recorded as such" (Village Law § 6-626). "[N]aked use by the public is not enough, [and] plaintiffs must further demonstrate that the village has continuously maintained and repaired the alleged street and, thus, assumed control thereof during the period of time in question" (*Impastato v Village of Catskill*, 55 AD2d 714, 715 [1976], *affd* 43 NY2d 888 [1978]; *see Matter of Marchand v New York State Dept. of Envtl. Conservation*, 19 NY3d 616, 620 [2012]; *Speir v Town of New Utrecht*, 121 NY 420, 429 [1890]).

Here, the evidence at the hearing established that the land at issue is a portion of pavement indistinguishable to the eye from the pavement that constitutes Farragut Road, which comes to a dead end at this point. It is only by referencing survey maps that it becomes apparent that the pavement in question, triangular in shape on those maps, is not part of the official village street, but instead is a portion of village-owned tax lot 215A. The hearing evidence established that it was paved by the Village with Farragut Road more than 10 years prior, and the public used it in a manner indistinguishable from the surrounding roadway. The defendants do not deny this, but argue that the plaintiffs were required to produce evidence that the Village had made recent repairs to the section of the pavement at issue. We disagree that such proof is required (*cf. Matter of Marchand v New York State Dept. of Envtl. Conservation*, 19 NY3d at 620). Markedly, while the subject pavement is cracked in places and the curbing that is there has not been refreshed in some time, the surrounding roadway is in the same condition. The record is clear that the Village maintained the subject area in the same manner as the

remainder of Farragut Road. Accordingly, the plaintiffs established that the area in question is a public street.

Furthermore, the Supreme Court did not err in directing that the width of the prescriptive portion of Farragut Road includes the public right-of-way that runs with the remainder of Farragut Road. The Village Law directs that the prescriptive lands "shall be a street with the same force and effect as if it had been duly laid out and recorded as such" (Village Law § 6-626). A prescriptive street "carries with it the usual width of the [street] in the locality or such width as is reasonably necessary for the safety and convenience of the traveling public and for ordinary repairs and improvements" (*Nikiel v City of Buffalo*, 7 Misc 2d 667, 670 [Sup Ct, Erie County 1957]). The defendants offer no legitimate reason why the prescriptive portion of Farragut Road should not carry with it the public right-of-way that extends with the paved section of the rest of Farragut Road. Accordingly, we affirm the judgment insofar as appealed from. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.