*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    February 23, 2017                523267
_____

LANCE D. HOFFMAN et al.,
                    Appellants,
        v                                    MEMORANDUM AND ORDER

TOWN OF SHANDAKEN et al.,
                    Respondents.
_____

Calendar Date:    January 12, 2017

Before:    Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

                    _____

        Patricia L. Ellison, Kingston, for appellants.

        Judith B. Aumand, Albany, for respondents.

                    _____

Rose, J.

        Appeal from an order of the Supreme Court (Gilpatric, J.),
entered March 4, 2016 in Ulster County, which granted defendants'
motion for summary judgment dismissing the complaint.

        Plaintiffs installed a privacy fence near the edge of the
paved portion of Fox Hollow Road, which runs along the front of
their real property in the Town of Shandaken, Ulster County.
When, two years in a row, a snow plow operated by defendant Town
of Shandaken allegedly damaged part of their fence, plaintiffs
commenced this action.  They asserted two causes of action, each
alleging trespass and negligence related to the damage to the
fence, and a third cause of action alleging that the Town widened
Fox Hollow Road in 2010, taking their property without
compensation and, in the process, altering the drainage that
caused run-off from the road to contaminate their well.
Defendants then moved, pre-answer, to dismiss the complaint,

which motion Supreme Court (Melkonian, J.) partially granted in a 2012 order dismissing the first cause of action in its entirety.[1] Following joinder of issue and discovery, defendants moved for summary judgment dismissing the remaining two causes of action, asserting that Fox Hollow Road is a highway by use, the Town has the right to open a highway by use to the width of at least three rods pursuant to Highway Law § 189 and the Town's plowing of snow and widening of the pavement were done to maintain and improve the public's right of passage. Because plaintiffs conceded that their fence and the 2010 widening were within the three rods, defendants argued that plaintiffs were precluded from recovering any damages. Supreme Court (Gilpatric, J.) agreed and, in a 2016 order, granted defendants' motion. Plaintiffs now appeal.

It is undisputed that Fox Hollow Road is a public highway by use (see Dutcher v Town of Shandaken, 23 AD3d 781, 782 [2005]), and Highway Law § 189 directs the town superintendent to open all public highways by use "to the width of at least three rods" (Highway Law § 189). Included within the scope of a highway easement created by use are "'such uses as appertain directly or indirectly to the right of passage and tend in some way to preserve or make more easy the exercise of such right'" (Dutcher v Town of Shandaken, 23 AD3d at 782, quoting Thompson v Orange & Rockland Elec. Co., 254 NY 366, 369 [1930]; see Ferguson v Producers Gas Co., 286 App Div 521, 523 [1955]).

Plaintiffs contend that the Town's easement is limited to the width of the paved portion of Fox Hollow Road prior to the 2010 expansion — regardless of how narrow that may be — because that is the only portion of the road that has been used by the Town for the statutory period of 10 years (see Highway Law § 189). We cannot agree. After a roadway is established as a highway by use, Highway Law § 189 plainly permits a town to

_____

[1] Although the second cause of action in the complaint appears to state a trespass and negligence claim, Supreme Court characterized the second cause of action as sounding only in trespass. In their brief, plaintiffs do not take issue with this characterization and, in fact, similarly limit the second cause of action to damages caused by defendants' trespass.

maintain and improve it in furtherance of the public's right of travel, to the width of "at least three rods." Stated differently, so long as the use at issue relates directly or indirectly to the public's right of travel, the use of the highway may be extended past the paved portion of the road to a width of at least three rods. In our view, this interpretation of the statute is consistent with case law holding that the extent of the easement is defined by its actual use (see Schillawski v State of New York, 9 NY2d 235, 238 [1961]; Town of Goshen v Serdarevic, 17 AD3d 576, 578 [2005]; Matter of Danial v Town of Delhi, 185 AD2d 500, 502-503 [1992], lv denied 81 NY2d 706 [1993]; Matter of Hill v Town of Horicon, 176 AD2d 1169, 1170 [1991], lv denied 80 NY2d 752 [1992]). Inasmuch as the Town's plowing and widening of Fox Hollow Road are uses that are "necessary to preserve the public's right of passage," they define the Town's easement pursuant to Highway Law § 189 (Dutcher v Town of Shandaken, 23 AD3d at 782; see generally Thompson v Orange & Rockland Elec. Co., 254 NY at 369). Further, it is undisputed that plaintiffs' fence and the widening of the roadway were well within the three-rod width that defendants are statutorily authorized to open. Given that the Town was engaging in permissible uses of its easement, we find no error in Supreme Court's dismissal of the second cause of action.

We agree with plaintiffs, however, that Supreme Court erred in granting defendants' motion for summary judgment as to the third cause of action to the extent that it alleges a de facto taking based upon the contamination of plaintiffs' well inasmuch as the record establishes that defendants proffered no proof and, therefore, did not meet their initial burden concerning this claim.

Peters, P.J., Egan Jr., Devine and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the third cause of action; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court