■ In the Matter of CARNELIAN FARMS, LLC, et al., Respondents, v VILLAGE OF MUTTONTOWN BUILDING DEPARTMENT et al., Appellants. [56 NYS3d 556]—

Appeal from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), entered September 13, 2016. The judgment granted a petition, filed pursuant to CPLR article 78, to review a determination of the Village of Muttontown Building Inspector requiring the petitioners to obtain an additional building permit.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners, Carnelian Farms, LLC, and Hunter's Moon Farm, LLC, are the owner and lessee, respectively, of an approximately 60-acre commercial horse boarding and training facility. The facility was in the process of being renovated and upgraded to include an indoor riding arena and other site improvements, which had been approved by the Village of Muttontown Board of Trustees. The petitioners were in the process of widening and re-paving the driveway on the premises when the Village of Muttontown Building Inspector issued a stop work order on the basis that the petitioners had failed to obtain a permit for that work.

The petitioners commenced this CPLR article 78 proceeding against the Incorporated Village of Muttontown and the Village of Muttontown Building Department, among others (hereinafter collectively the municipal parties), to review the determination by the Building Inspector that an additional building permit was required for the driveway work. The Supreme Court granted the petition and annulled the determination. The municipal parties appeal.

The standard of judicial review in this CPLR article 78

proceeding is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev.*, 145 AD3d 905, 907 [2016]). Here, the Building Inspector determined that the work being performed on the driveway, including the widening and re-paving of the driveway, required a separate building permit. While the petitioners contend that the driveway work was approved by the Village of Muttontown Board of Trustees and that the subject work was covered under a building permit issued with respect to the erection of the indoor riding arena and attached structure, the Building Inspector's determination that an additional permit was necessary was not made in violation of lawful procedure, was not affected by an error of law, was not arbitrary and capricious, and did not constitute an abuse of discretion.

Accordingly, the petition should have been denied and the proceeding dismissed. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.