Federman v Town of Lorraine (2023 NY Slip Op 00553)

Federman v Town of Lorraine

2023 NY Slip Op 00553

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

837 CA 22-00575

[*1]GLENN FEDERMAN, PLAINTIFF-APPELLANT,
v
TOWN OF LORRAINE, HIGHWAY SUPERINTENDENT JOSEPH WASILEWSKI, DEPUTY HIGHWAY SUPERINTENDENT HAROLD DOWNEY, TOWN SUPERVISOR VINCE MOORE AND TOWN COUNCIL MEMBERS DAVID JOHNSON, JOE HODGES, LESTER HOBBS, GORDON HUTTON, DEVON M. FILSON, TIM TRYON, MICHAEL DOBBINS AND DAMIAN M. SMITH, DEFENDANTS-RESPONDENTS. 

LAW OFFICE OF DAVID TENNANT PLLC, ROCHESTER (DAVID H. TENNANT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
FITZGERALD MORRIS BAKER FIRTH, P.C., GLENS FALLS (MICHAEL CROWE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered October 29, 2021. The order granted the motion of defendants for summary judgment, denied the cross motion of plaintiff for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the third cause of action in the amended complaint, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants, Town of Lorraine and certain of its officials, seeking, inter alia, damages for an unlawful taking of property arising from maintenance performed on Miller Road, which leads to plaintiff's home. Before the motions at issue were filed, Supreme Court granted defendants' motion to dismiss the amended complaint with the exception of that cause of action. No appeal was taken from that order. Plaintiff now appeals from an order granting defendants' motion for summary judgment dismissing the amended complaint, and denying his cross motion for summary judgment on the amended complaint, which at that time consisted of only the eminent domain cause of action. We agree with plaintiff that the court erred in granting the motion, therefore we modify the order accordingly.
As the parties seeking summary judgment dismissing the eminent domain cause of action, defendants were required to establish, under these circumstances, that no unlawful taking occurred because Miller Road was a public highway by use pursuant to Highway Law § 189 and that all work that they performed was maintenance that did not have the effect of improperly widening the road. We agree with plaintiff that defendants failed to submit evidence establishing that Miller Road is a public highway within the meaning of section 189. "In order for a private road to be deemed a public highway by use, it must be show[n] that, for a period of at least 10 years, the road at issue was used by the public and the municipality exercised dominion and control over the road . . . Such a showing . . . requires more than intermittent use by the public and more than occasional road work by the municipality" (Matter of Woodson v Town of Riverhead, 203 AD3d 935, 937 [2d Dept 2022] [internal quotation marks omitted]; see Brandon v Town of Southeast, 150 AD3d 659, 659-660 [2d Dept 2017]; see generally Town of Addison v Meeks, 233 AD2d 843, 843-844 [4th Dept 1996], lv denied 89 NY2d 808 [1997]).
Here, in support of their motion, defendants submitted plaintiff's testimony at a General Municipal Law § 50-h hearing, at which plaintiff repeatedly testified that the Town had, until shortly before the commencement of this action, refused to maintain the part of the road at issue, and the affidavit of defendant Highway Superintendent Joseph Wasilewski, who had personal knowledge of the facts concerning only the two years that preceded the filing of the motion. Consequently, we conclude that defendants failed to "make a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), and thus "the burden never shifted to [plaintiff], and denial of the motion was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad, 64 NY2d at 853).
Contrary to plaintiff's further contention, however, the court properly denied his cross motion. In order to meet his burden on the cross motion, plaintiff was required to establish, as relevant here, either that Miller Road was not a public highway or that defendants engaged in a taking of his property without compensation by improperly widening the road during the recent maintenance. The evidence that plaintiff submitted in support of the cross motion failed to eliminate all triable issues of fact whether Miller Road is a public highway (see generally Town of Addison, 233 AD2d at 844; Provencher v Town of Saranac, 168 AD2d 770, 770 [3d Dept 1990]). Furthermore, plaintiff failed to establish that defendants' maintenance was outside the three-rod width, i.e., 49.5 feet, that is the minimum permitted width of a public highway by use under Highway Law § 189. Contrary to plaintiff's contention, the Town is not limited to performing maintenance within the area of the prior public use of the road. The statute "plainly permits a town to maintain and improve it in furtherance of the public's right of travel, to the width of 'at least three rods.' Stated differently, so long as the use at issue relates directly or indirectly to the public's right of travel, the use of the highway may be extended past the [previously maintained] portion of the road to a width of at least three rods" (Hoffman v Town of Shandaken, 147 AD3d 1275, 1276 [3d Dept 2017]; see also Dutcher v Town of Shandaken, 23 AD3d 781, 782 [3d Dept 2005]). Thus, inasmuch as plaintiff failed to establish that any maintenance occurred outside the minimum width of three rods permitted by the statute, he failed to meet his burden on the eminent domain cause of action.
We have considered plaintiff's remaining contentions, and we conclude that they do not require reversal or further modification of the order.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court