Matter of Delgrosso v Cole (2026 NY Slip Op 00505)

Matter of Delgrosso v Cole

2026 NY Slip Op 00505

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2022-08607
 (Index No. 50553/21)

[*1]In the Matter of Fred Delgrosso, et al., appellants,
vStephen Cole, etc., et al., respondents.

Silverberg Zalantis LLC, Tarrytown, NY (Katherine Zalantis and Christie Tomm Addona of counsel), for appellants.
Drake Loeb, PLLC, New Windsor, NY (Adam L. Rodd and Stephen J. Gaba of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review two determinations of the respondent/defendant Stephen Cole, in his official capacity as Town of Red Hook Building Inspector, both dated October 19, 2020, which denied the petitioners/plaintiffs' two applications for building permits, and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated September 1, 2022. The judgment, insofar as appealed from, denied that branch of the petition/complaint which was to annul the determination of the respondent/defendant Stephen Cole, in his official capacity as Town of Red Hook Building Inspector, dated October 19, 2020, denying the petitioners/plaintiffs' "Building Permit Application 2," and dismissed that portion of the proceeding/action.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioners/plaintiffs (hereinafter the petitioners) are the owners of a home that is located approximately four feet from a two-lane rural road. The petitioners submitted to the respondent/defendant Town of Red Hook a "Building Permit Application 2" (hereinafter the application), seeking permission to erect a four-foot-tall chainlink fence along a white line painted by the Town between the area in front of the petitioners' home and the "traveled way" of the road. After consulting with a professional engineer, the respondent/defendant Stephen Cole, in his official capacity as Town of Red Hook Building Inspector (hereinafter the Building Inspector), denied the application in a determination dated October 19, 2020.
The petitioners then commenced this hybrid proceeding pursuant to CPLR article 78 and action against the Building Inspector and the Town, inter alia, to annul the Building Inspector's determination denying the application. In a judgment dated September 1, 2022, the Supreme Court, among other things, denied that branch of the petition/complaint which was to annul the Building Inspector's determination and dismissed that portion of the proceeding/action. The petitioners appeal.
In reviewing the Building Inspector's determination, this Court must consider only whether the determination was made in violation of lawful procedure, was affected by an error of [*2]law, or was arbitrary and capricious or an abuse of discretion (see id. § 7803[3]; Matter of Akeson v Incorporated Vil. of Asharoken, 227 AD3d 706, 707; Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d 847, 847-848). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis" (Matter of Akeson v Incorporated Vil. of Asharoken, 227 AD3d at 707 [internal quotation marks omitted]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231).
Here, the Building Inspector's determination had a rational basis and was not arbitrary and capricious. The administrative record indicates that the Building Inspector denied the application on the ground, among others, that the proposed fence would be located within the Town's right of way in violation of section 117-9 of the Code of the Town of Red Hook and Highway Law § 319. The Building Inspector's determination stated that this "user road" extended "beyond the traveled way" and included "areas beyond the white line necessary for maintenance and plowing." Contrary to the petitioners' contention, the Town's permissible uses of the road, such as for maintenance and plowing, are not limited to the "traveled way" delineated by the white line (see Federman v Town of Lorraine, 213 AD3d 1220, 1222; Hoffman v Town of Shandaken, 147 AD3d 1275, 1276; Matter of Soldatenko v Village of Scarsdale Zoning Bd. of Appeals, 138 AD3d 1003).
The petitioners' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the petition/complaint which was to annul the Building Inspector's determination denying the application and dismissed that portion of the proceeding/action.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court